United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Specialized Bicycle Components, Inc., Plaintiff, | ) ) ) |
| v. | ) Case No. 17-61201-CIV-SCOLA ) |
| 17 No.1-Own, and others, Defendants. | ) ) ) |

### Order Granting Application For Preliminary Injunction

This matter is before the Court on the Plaintiff's Application for Entry of Preliminary Injunction (ECF No. 6) and upon the Preliminary Injunction Hearing held on July 14, 2017. By the instant Application, Plaintiff Specialized Bicycle Components, Inc. moves for entry of a preliminary injunction against Defendants, the Individuals, Partnerships and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"), pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a), for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). The Court has carefully reviewed the Motion and the entire court file and is otherwise fully advised in the premises.

The Court convened a hearing on July 14, 2017, at which only counsel for the Plaintiff was present and available to present evidence supporting the Application for Preliminary Injunction. The Defendants have not formally responded to the Application for Preliminary Injunction, nor made any filing in this case, nor have the Defendants appeared in this matter either individually or through counsel. Because the Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court **grants** the Plaintiff's Application for Preliminary Injunction (**ECF No. 6**).

1. **Factual Background**[1]

The Plaintiff is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office (collectively, the "Specialized Marks").

---

[1] The factual background is taken from Plaintiff's Complaint, Application for Preliminary Injunction, and supporting evidentiary submissions.

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| (logo) | 1,515,498 | December 6, 1988 | IC 025; Bicyclists' Shoes and Clothings, Namely Shorts, Socks, and Jerseys. |
| SPECIALIZED | 3,942,515 | April 12, 2011 | IC 025; Bicyclists' shoes and clothing, namely, shorts, socks and jerseys. |
| (logo) | 3,989,153 | July 5, 2011 | IC 009; Protective body armor.<br><br>IC 025; Clothing, namely, shirts, t-shirts, tops, base layers, jackets, jerseys, shorts, padded shorts, pants, sweat pants, tights, vests, socks, arm warmers, knee warmers, headwear, and footwear. |
| SPECIALIZED | 4,019,602 | August 30, 2011 | IC 025; Clothing, namely, footwear, shirts, t-shirts, tops, socks, jackets, base layers, shorts, padded shorts, pants, sweat pants, tights, vests, arm warmers, knee warmers, headwear, gloves, namely, cycling gloves and outdoor gloves. |

The Specialized Marks are used in connection with the design, marketing, and distribution of high quality goods in the categories identified above. (*See* Declaration of Andrew Love in Support of Plaintiff's Application for Preliminary Injunction ("Love Decl.") ¶ 4.)

The Defendants, through the Internet based e-commerce stores operated via, at least, one Internet marketplace website, using their seller identification names identified on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing what the Plaintiff has determined to be counterfeits, infringements, reproductions or colorable imitations of the Specialized Marks. (*See* Love Decl. ¶¶ 11-15; Declaration of Virgilio Gigante in Support of Plaintiff's Application for Preliminary Injunction ("Gigante Decl.") ¶ 2; Declaration of Kathleen Burns in Support of Plaintiff's Application for Preliminary Injunction ("Burns Decl.") ¶ 4; *see also* relevant web

page captures from the Defendants' e-commerce stores operating under the Seller IDs attached as Composite Exhibit 1 to the Burns Decl.)

Although each of the Defendants may not copy and infringe the Plaintiff's trademarks for each category of goods protected, the Plaintiff has submitted sufficient evidence showing each of the Defendants has infringed, at least, one or more of the trademarks at issue. (*See* Love Decl. ¶¶ 11-15.) The Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Specialized Marks. (*See id.* ¶¶ 11, 14.)

The Plaintiff retained Kathleen Burns ("Burns"), an officer of Invisible Inc, a licensed private investigative firm, to investigate the suspected sale of counterfeit and infringing versions of the Plaintiff's branded products by the Defendants. (*See* Love Decl. ¶ 12; Burns Decl. ¶ 3; Gigante Decl. ¶ 2.) Through Amazon.com, Ms. Burns accessed all of the Defendants' e-commerce stores operating under their respective Seller IDs, and finalized the purchase of a product bearing counterfeits of, at least, one of the Specialized Marks at issue in this action, via each Seller ID, and requested each product to be shipped to her firm's address in the Southern District of Florida. (*See* Burns Decl. ¶ 4.) Each purchase was processed entirely online, and at the conclusion of the process, the detailed web page captures reflecting the Plaintiff's branded products Ms. Burns purchased via each Defendant's Seller ID were sent to the Plaintiff's representative for inspection. (*See* Burns Decl. ¶ 4; Love Decl. ¶ 13; Gigante Decl. ¶ 2.)

The Plaintiff's representative reviewed and visually inspected the detailed web page captures and images reflecting various products bearing the Specialized Marks offered for sale by the Defendants via the Sellers IDs, identified and captured by Ms. Burns, and provided to the Plaintiff thereafter, and determined the products offered for sale were non-genuine versions of the Plaintiff's products. (*See* Love Decl. ¶ 14.)

On June 15, 2017, Plaintiff filed its Complaint (ECF No. 1) against the Defendants for trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. On June 19, 2017, Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (ECF No. 6). On June 20, 2017, the Court issued a Sealed Order Granting *Ex Parte* Temporary Restraining Order and Setting Hearing (ECF No. 9). The Plaintiff also moved for, and the Court authorized, alternate service of process on the Defendants (ECF Nos. 8, 11). The Plaintiff provided the Defendants with notice of the Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining

Transfer of Assets and copies of the Court's June 20, 2017 Order via electronic mail ("e-mail") to each Defendant's corresponding e-mail address(es) and/or via publication (ECF Nos. 10-12, 18-20)

### 2. Legal Standard

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

### 3. Analysis

The declarations that the Plaintiff submitted in support of its Application for Preliminary Injunction support the following conclusions of law:

A. The Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by the Defendants' advertisement, promotion, sale, offer for sale, or distribution of products bearing counterfeits, reproductions, or colorable imitations of the Specialized Marks, and that the products the Defendants are selling and promoting are copies of the Plaintiff's products that bear copies of the Specialized Marks.

B. Because of the infringement of the Specialized Marks, the Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. It clearly appears from the following specific facts, as set forth in the Plaintiff's Complaint, Application for Preliminary Injunction, and accompanying declarations on file, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff and to consumers because it is more likely true than not that:

    1. The Defendants own or control e-commerce stores via an Internet marketplace website operating under their seller identification names which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of the Plaintiff's rights;

    2. There is good cause to believe that more counterfeit and infringing products bearing the Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that the Plaintiff may suffer loss of sales for its genuine products.

C. The balance of potential harm to the Defendants in restraining their trade in counterfeit and infringing branded products if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products if such relief is not issued.

D. The public interest favors issuance of the preliminary injunction to protect the Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit products as the Plaintiff's genuine products.

E. Under 15 U.S.C. § 1117(a), the Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through the Defendants' distribution and sales of goods bearing counterfeits and infringements of the Specialized Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Products Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that the Defendants have violated federal trademark laws, the Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

**4. Conclusion**

For the foregoing reasons, it is **ordered and adjudged** that the Plaintiff's Application for Preliminary Injunction (**ECF No. 6**) is hereby **granted** as follows:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

> a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Specialized Marks, or any confusingly

similar trademarks, other than those actually manufactured or distributed by the Plaintiff; and

b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing the Specialized Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Specialized Marks, or any confusingly similar trademarks.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Specialized Marks or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them including the Internet based e-commerce stores operating under the Seller IDs;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Specialized Marks, or any confusingly similar trademarks within metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under their Seller IDs;

(4) Each Defendant shall not transfer ownership of the Internet based e-commerce stores under their Seller IDs during the pendency of this action, or until further order of the Court;

(5) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores under their Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores under their Seller IDs that may have been deleted before the entry of this Order;

(6) Upon receipt of notice of this Order, Amazon Payments, Inc. ("Amazon"),[2] and its related companies and affiliates shall, to the extent not

---

[2] Amazon is licensed to do business in the State of Florida by the Florida Office of the

already done, immediately identify and restrain all funds, as opposed to ongoing account activity, in the Amazon accounts related to the Defendants as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other Amazon accounts subject to this Order; and (iii) any other Amazon accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;

(7) Amazon shall also, to the extent not already done, immediately divert to a holding account for the trust of the Court all funds in all Amazon accounts related to the Defendants identified on Schedule "A" hereto, and associated payment accounts, and any other accounts of the same customer(s) as well as any other accounts which transfer funds into the same financial institution account(s) as any of the other Amazon accounts subject to this Order;

(8) Amazon shall further, to the extent not already done, provide the Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) which have been restrained. No funds restrained by this Order shall be transferred or surrendered by Amazon for any purpose (other than pursuant to a chargeback made pursuant to Amazon's security interest in the funds) without the express authorization of this Court;

(9) This Order shall apply to the Seller IDs, associated e-commerce stores, and any other seller identification names, e-commerce stores, or Amazon accounts which are being used by the Defendants for the purpose of counterfeiting the Specialized Marks at issue in this action and/or unfairly competing with the Plaintiff;

(10) Amazon or any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(11) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Fed. R. Civ. P. 65(c), the Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the

---

Controller and is therefore subject to personal jurisdiction in this Court. (*See* Gigante Decl. ¶ 5.)

Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(12)   Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace website, including but not limited to Amazon.com, Inc., shall, to the extent not already done, at the Plaintiff's request, provide the Plaintiff's counsel with any e-mail address known to be associated with the Defendants' respective Seller IDs; and

(13)   This preliminary injunction shall remain in effect during the pendency of this action, or until further Order of this Court.

**Done and ordered** in chambers at Miami, Florida, on July 14, 2017.

_____
Robert N. Scola, Jr.
United States District Judge

## SCHEDULE "A"
## DEFENDANTS BY NUMBER, SELLER ID, AND ASSOCIATED ASIN

| Defendant Number | Seller ID | Amazon Seller ID | Infringing Item's ASIN |
|---|---|---|---|
| 1 | 17 No.1-Own | A2M8QWPMHSF7Z1 | B01M5CT2VC B01M2YO8OB |
| 2 | 2KS96jkx0 | A3EQ3KO4RB68YB | B01FJDZEK8 |
| 3 | 8jdsa7qiw | A1Z6BL9SCC50J0 | B01LLBSUXU B01LLBT0L6 |
| 4 | 9ish45DH | A1CLEYDU4NWO7P | B01LW6GX84 B01LW6HOD0 |
| 5 | A KissMe | A2SI6DOPZGUZFT | B01M27H9LG B01M8L93SA |
| 6 | Albert French TCSP | A11C8X45OUH6T4 | B01GQYN5R8 B01GQYN9KQ |
| 7 | Andres Hanson Escabias | A2NH4KB152RD6Q | B01N4GS83J B01N0TMXE6 |
| 8 | Andy Wordsworth | A1KGABAJZY7J3I | B01M1J1VU7 B01M0WG5YH |
| 9 | brosin | A16KAGTKU3GK1G | B00QPO3CG4 |
| 10 | Butler LUW | A281DXQZQEP5IH | B01M5CT2VC B01MCV3CQS |
| 11 | CALL ME J | A3HBS9Y50RTYE6 | B01LSSEP9E B01LSSEQGQ |
| 12 | Cannot Help | A25ND5CWAR6S50 | B01LSSEP9E B01LSSEQGQ |
| 13 | CHELLE GRE | A2U2JM8D6WEC5A | B01M5CT2VC B01M3RCSGJ |
| 14 | cooperatomlggwau | A3AX8W1NUGGI8I | B01GQYN5R8 B01GQYNANC |
| 15 | crutchleanrxmno | AFG1873D7HM7F | B01FJDZECG |
| 16 | da Ar | AQR1FJ7FSDRDK | B01LXPAGMC B01LYOGLEW |
| 17 | DaviRichardson | A1E6P5XGO0OU3B | B01JTS3IVQ B01JTS3RNA |
| 18 | Dong Hui Store | A3SVESG4LDBTXK | B01M5CT2VC B01MCV3CQS |
| 19 | DONGLE RENKESON | AAM6ZFZ44EK36 | B01FJDZEK8 |

| 20 | duroseaumfkrjbn | AT7IDX0VP1LC4 | B01JTS3WMQ B01JTS3XZC |
| 21 | Edwin ROBERSON | A13E432VB4S00B | B00QPO3A34 B00QPO3B6K |
| 22 | FASHION PARK | A3COS0QPG7I5WY | B01JTS3IVQ B01JTS3Q5E |
| 23 | Forda Zarva | A1SBYT3EEC4T8C | B01KNKYM8C B01KNKYN6I |
| 24 | GinaSoninc | AGSK4JIF2G6V3 | B01FJDZEEY B01FJDZEK8 |
| 25 | GTILO | A3DF42A5HOQ9NN | B01FJDZEK8 |
| 26 | huanyuanda | A3IYTV56EIOZY3 | B01JTS3IVQ |
| 27 | IAN & ADAM | A30DRT6QG4QJPE | B00QPO3A34 |
| 28 | IdealLife | | B00QPO3A34 |
| 28 | Ideal Life(10-15 Days Delivery) | A12SNQ85RNL7BP | B00QPO3B6K B00QPO3DJU |
| 29 | James Parrish | ADC963TU18BGZ | B01GP6II7Y B01GP6IN2E |
| 30 | JANICE WILSON | A1BC6SM5DFP5P8 | B00QPO3B6K |
| 31 | Jorden Smither Happyshopping | A32ATZTIEB857R | B01KNKYM8C B01KNKYN6I |
| 33 | jun yu luo | A37WZCRNGM3DF6 | B00QPO3A34 B00QPO3DJU |
| 34 | kalbaugh halen | AEP31PZBI0J7F | B01M1J1VU7 B01M0WG5YH |
| 35 | KEKEHOT | AOI4LM4N70MHM | B01FJDZEEY B01FJDZEK8 |
| 36 | KERRWL | A3DLIA19PDFVJ0 | B01FJDZEEY B01FJDZECG |
| 37 | KHarrisn | A136IM4T2NDARV | B01M1EJI36 B01M133BMS |
| 38 | KT365-CD | A12SDQPCXKESY4 | B01LZLJDRJ B01LWO1K5L |
| 39 | Laterwwr | A3W3XLMOWC1RZQ | B01LPEW5JS B01LPEU6J4 |
| 40 | Leigh E Pickens | A5HVPRKLYQJ2H | B01FJDZEK8 |
| 41 | lili liu | A1QU9M2QRI0AB6 | B01FJDZECG |

| | | | |
|---|---|---|---|
| 42 | linqingquan | A1JEIJ6SA6KILP | B00QPO3A34<br>B01J2OM2T6<br>B01J2OM5B6<br>B01J2OM5B6<br>B01J2OM76O<br>B01J2OM91W<br>B01J2OMAS4<br>B01J2OMCH8<br>B01J2OME1W<br>B01J2OMFW0<br>B01J2OMHX2<br>B01J2ON7L8<br>B01J2ON9JS<br>B01J2ONBS2<br>B01J2ONEDO<br>B01J5A0JY2<br>B01J5A0KTG<br>B01J5A0M6W<br>B01J5A0NES<br>B01J5A0P78<br>B01J5A0R4O<br>B01J5A0SYI |
| 43 | Lorena Martinezas | A1PB7CEJLWBZXR | B01FJDZEK8 |
| 44 | M&SDTing | A156ACA5RSP5FL | B01FJDZEEY<br>B01FJDZECG |
| 45 | Maisie Tighe | A8PPIFU8KOGOS | B00QPO3A34<br>B00QPO3B6K |
| 46 | michale mcgee | ARX8WPQ8WW7GM | B01GP6II7Y<br>B01GP6IL3A |
| 47 | Mike DavisAS | A1V5PTEXL02SEN | B01M1J1VU7<br>B01LWZRMYC |
| 48 | Miki Minami | A2360FOU2ZYST4 | B01GQYN5R8<br>B01GQYN9KQ |
| 49 | NANSMBIR | A3UQC2X2TQW3JE | B01FJDZEEY<br>B01FJDZEK8 |
| 50 | NICO1E MUNFORD | A149B7A3CT8Y1O | B01JTS3IVQ<br>B01JTS3M8U |
| 51 | OOPLSMS | A1R17GKEKIV5SM | B01M5CT2VC<br>B01M3RCSGJ |

| | | | |
|---|---|---|---|
| 52 | Patricia Bierley | A2Z5YPCO6CRN95 | B01GP6II7Y<br>B01GP6ILXK |
| 53 | patti Kiser | A2JAVCRFPAWEPJ | B01LSSEP9E<br>B01LSSEQGQ |
| 54 | Pippa Reeve | A2HHFXOH679ESL | B00QPO3A34<br>B00QPO3B6K |
| 55 | QIWUEYR | AXQ0LOK0AOAZM | B01M5CT2VC<br>B01MCV3CQS |
| 56 | renceburg | AQWFBMQOS0I7B | B01KNKYM8C<br>B01KNKYN6I |
| 57 | renjijuanndhnp | A2JGFUFUHZ3A9N | B01KNKYM8C<br>B01KNKYN6I |
| 58 | RIZIXUANG | A2EOEOJSHNUW8L | B01GP6II7Y<br>B01GP6ILXK |
| 59 | sam717 | A3MDCHCMPYX4JA | B01GP6II7Y<br>B01GP6ILXK |
| 60 | Sarah Hamilton a | A3VW0LX286SH27 | B01M5CT2VC<br>B01M2YO8OB |
| 61 | Slate GXKL | A3559O4181KPQ5 | B01GP6II7Y<br>B01GP6IMFW |
| 62 | Super Spowerful | A241NEIS2LXPNM | B01JTS3IVQ<br>B01JTS3N0W |
| 63 | Susueky | AQ058GPK2Z673 | B01GP6II7Y<br>B01GP6IL3A |
| 64 | Tankoo | A31HLWAD0EYJPF | B011DQZH66 |
| 65 | TEVEN&ORTI | A3NAQTD3Z8AS3E | B00QPO3A34<br>B00QPO3B6K |
| 66 | Tran GO | A3DQOMCMFOJRD2 | B01M5CT2VC<br>B01M2YO8OB |
| 67 | typewriter to | A1YXFLSJC8W07U | B00QPO3B6K |
| 68 | Verescha | A9XUSQ4XGPNGQ | B01GP6II7Y<br>B01GP6IMFW |
| 69 | Wayne Webber | A3JJ7VWSA2U3SG | B01GWGHJZO<br>B01GWGHLN4 |
| 70 | Yinsoa Y | A3JOI7BKFBLQQG | B01JTS3IVQ<br>B01JTS3RNA |
| 71 | YOU-SKTI | A1CKDKKM4S69AG | B01JTS3IVQ<br>B01JTS3Q5E |

| 72 | zenicham | A1HA8BRA1GYQSU | B01IB5TCOA |
|----|----------|----------------|------------|
|    |          |                | B01IB5TEG6 |
| 73 | ZHJDLKS ZZ | A2SZ8EPRQ0JU3 | B01KNKYM8C |
|    |          |                | B01KNKYN6I |
| 74 | ZMYOPI | A2ZSKUMMH7K9B5 | B01GP6II7Y |
|    |          |                | B01GP6ILXK |