United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Specialized Bicycle Components, Inc., Plaintiff, <br><br> v. <br><br> 17 No.1-Own, and others, Defendants. | ) <br> ) <br> ) <br> ) Case No. 17-61201-CIV-SCOLA <br> ) <br> ) <br> ) |

## Consent Final Judgment and Permanent Injunction as to Defendant Number 36

This matter is before the Court on the Plaintiff's Motion for Entry of Consent Final Judgment and Permanent Injunction as to Defendant Number 36 (ECF No. 38). The Court has carefully considered the Plaintiff's Motion, the record, and is otherwise fully advised in the premises.

Plaintiff Specialized Bicycle Components, Inc. ("Plaintiff") and against Defendant, KERRWL (Defendant number 36) a/k/a Xuedai Chen ("Defendant"), stipulate and consent to the following:

WHEREAS, the Defendant adopted and began using trademarks in the United States that infringe and dilute the distinctive quality of the Plaintiff's various registered trademarks as identified in Paragraph 14 of the Plaintiff's Complaint (ECF No. 1) and Schedule "B" thereto (the "Specialized Marks");

WHEREAS, the Defendant's use of names and marks which incorporate one or more of the Specialized Marks is likely to cause confusion as to source or origin;

WHEREAS, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

WHEREAS, based upon the Plaintiff's good faith prior use of the Specialized Marks, the Plaintiff has superior and exclusive rights in and to the Specialized Marks in the United States and any confusingly similar names or marks.

Accordingly, it is **ordered and adjudged** that the Plaintiff's motion (**ECF No. 38**) is **granted**. Judgment is hereby entered in favor of the Plaintiff and against the Defendant as follows:

1. The Defendant and his officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are

hereby permanently restrained and enjoined from intentionally and/or knowingly:

    A. manufacturing or causing to be manufactured, importing, advertising, promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Specialized Marks;

    B. using the Specialized Marks in connection with the sale of any unauthorized goods;

    C. using any logo and/or layout which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

    D. falsely representing the Defendant as being connected with the Plaintiff, through sponsorship or association;

    E. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendant are in any way endorsed by, approved by, and/or associated with the Plaintiff;

    F. using any reproduction, counterfeit, copy, or colorable imitation of the Specialized Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant;

    G. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendant's goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff;

    H. from unfairly competing with the Plaintiff;

    I. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Specialized Marks; and

    J. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

2. The Plaintiff shall have the right to seek sanctions for contempt,

compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure by the Defendant to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

    3.    This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

    4.    Each party shall bear its own attorneys' fees and costs.

    5.    This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment.

    6.    Amazon Payments, Inc. ("Amazon") shall (1) disburse the funds of the Defendant restrained pursuant to the Court's Order Granting *Ex Parte* Temporary Restraining Order and Setting Hearing, dated June 20, 2017 (ECF No. 9) as directed by the Plaintiff's counsel; and (2) upon transfer of the funds to the Plaintiff as required herein, Amazon shall remove any restraints that were placed on the Defendant's account pursuant to Court's Order Granting *Ex Parte* Temporary Restraining Order and Setting Hearing, dated June 20, 2017 (ECF No. 9), and return the Defendant's account back to an unrestrained status in accordance with Amazon's operating procedures and contract for services with the Defendant.

    **Done and ordered**, in chambers, at Miami, Florida, on August 18, 2017.

                                                                          _____
                                                                          Robert N. Scola, Jr.
                                                                          United States District Judge